

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**

**AUSTIN 11, TEXAS**

ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public
 Accounts
Austin, Texas

Opinion No. 0-1934
Re:  Traveling expenses of Deputy
State Superintendent of Public
Instruction

Dear Sir:

        We have your letter of March 18, 1940, wherein you
ask the opinion of this department upon the question whether
or not certain items of traveling expenses incurred for cer-
tain purposes by Mr. Murdock, Deputy State Superintendent of
Public Instruction, constitute legal and valid charges against
the appropriation provided for the traveling expenses of the
State Department of Education.  These items are as follows:

| DATE | PURPOSE |
|------|---------|
| 2 -1 | To speak for P.T.A. program |
| 2-10 | Attending Delta Kappa Gamma and B&P Women's Club Program |
| 2-13 | Chamber of Commerce Banquet |
| 2-14 | Direct music for Chamber of Commerce Banquet |
| 2-15 | To sing for Rotary Banquet |
| 2-16 | Sang for First Methodist Church |

        In determining the validity of these expenditures,
as proper charges against the item provided for traveling ex-
penses for the Department of Education, two questions arise:

        1.  Is the purpose of the trip the accomplishment
of State's business; that is, is the purpose of the trip the
transaction of business of the State committed for discharge
to the Department of Education by the laws of this state, and
is the Department of Education vested with the power and au-
thority to transact such business in the mode adopted?

        2.  Is the trip for the purpose of attending "any
type of convention"?

        Article 2658, Revised Statutes, 1925, provides as
follows, with reference to the duties of the State Superin-
tendent of Public Instruction:

"He shall inform himself concerning the educational progress of the different parts of this state and of other states.  Insofar as he may be able, he shall visit different sections of this state and address teachers' institutes, associations, summer normals and other educational gatherings, instruct teachers and arouse educational sentiment; and the Legislature shall make adequate appropriation for necessary traveling expenses, or those of his representative, when in the service of the State."

We construe the first portion of the second sentence of such Article as permitting the State Superintendent of Public Instruction, or his authorized representative, to visit different sections of the State and address teachers' institutes, associations, summer normals and other educational gatherings of a similar nature to those previously enumerated, for the purpose of instructing teachers and arousing educational sentiment.

This Article furnishes authority for incurring traveling expenses for the purposes enumerated therein.  By necessary implication, there is granted no authority to the State Superintendent of Public Instruction or his representative to travel at the expense of the State for the purpose of addressing gatherings other than educational gatherings of a character similar to teachers' institutes, associations, and summer normals.  There is likewise granted no authority to travel at the expense of the State for the purpose of providing entertainment to private or educational gatherings, by singing to or leading the singing of such gatherings.  This can hardly be classed as "addressing" the gathering for the purpose of "instructing teachers and arousing educational sentiment."

The first item which you question is that incurred on February 1st, "to speak for Parent Teachers Association program."  We think that this may be termed an "educational gathering" of a character similar to those specifically enumerated in the Article of the statutes quoted above.  We think it may reasonably be assumed that the "speaking" by the Deputy State Superintendent was for the purpose of "instructing teachers and arousing educational sentiment."  We are of the opinion, likewise, that this gathering is not a "convention" within the meaning of the rider prohibiting traveling expenses being incurred to attend a convention within or without the State, appearing in the rider to Senate Bill 427, Acts of the 46th Legislature. This organization is not private in character, but governmental, an adjunct to the educational system of the State, as much so as a county teachers' institute.

The items, to wit, attending Chamber of Commerce banquet, directing music for Chamber of Commerce banquet, singing for Rotary banquet, and singing for First Methodist Church, do not constitute legal charges against the appropriation for traveling expenses of the Department of Education, for the reasons indicated above. We do not think the Chamber of Commerce banquets, the Rotary banquet, and the meeting of the congregation of the First Methodist Church may properly be termed "educational gatherings" within the meaning of the statute above quoted. Likewise, we are of the opinion that directing the music for the Chamber of Commerce banquet and singing for the Rotary banquet and for the First Methodist Church do not constitute "addressing" a gathering "for the purpose of instructing teachers and arousing educational sentiment."

There remains the item for "attending District Delta Kappa Gamma and B. & P. Women's Club program." We understand the Delta Kappa Gamma to be a national private organization of women teachers, the purpose of which, among others, are the advancement of welfare and standards of the teaching profession. We think that a meeting of such organization may properly be termed an "educational gathering" within the meaning of the statute, and that the State Superintendent or his representative would be authorized to attend such for the purpose of addressing the assemblage, instructing the teachers and arousing educational sentiment. This power would not be affected, in our opinion, by the circumstance that the meeting of the Delta Kappa Gamma was held jointly with the Business and Professional Women's Club.

However, the district meeting of the Delta Kappa Gamma is definitely a "convention" within any reasonable interpretation we have been able to place upon the rider to Senate Bill 427, Acts 46th Legislature, prohibiting payment of traveling expenses of State employees to "any type of convention." The meeting is that of a private organization of individuals assembled together for common purposes. Anomalous though the situation may seem, therefore, it must be held that the appropriation for traveling expenses made to the State Department of Education is not available for the payment of the expenses incurred, in traveling to the meeting of the Delta Kappa Gamma. In the absence of the "convention" rider, these expenses, in our opinion, might be legally paid; but we are not at liberty to disregard the "convention" rider and thereby substitute our judgment for that of the Legislature on what is reasonable in the premises.

Hon. George H. Sheppard, page 4  (O-1934)


Trusting that the foregoing satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ R. W. Fairchild
R. W. Fairchild, Assistant

APPROVED APR 6, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

RWF:pbp:wb